United States District Court
Southern District of Texas
ENTERED

APR 1 7 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA MARTINEZ, as next friend of HECTOR AZUA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-186 |
| UNITED STATES POSTAL SERVICE and JOE LEWIS PONCE, | § § § | |
| Defendants. | § § | |

## OPINION & ORDER

BE IT REMEMBERED that on April __17__, 2007, the Court **GRANTED** Joe Ponce's Rule 12(b)(1) Motion to Dismiss. Dkt. No. 10.

Yolanda Martinez ("Plaintiff"), as next friend of Hector Azua ("Azua"), filed the instant action against the United States of America and Joe Lewis Ponce ("Ponce") pursuant to Section 2674 of the Federal Tort Claims Act, asserting that Ponce caused Azua to suffer injuries when Ponce negligently operated his mail delivery vehicle while he was acting within the course and scope of his employment. Dkt. No. 8, at 2–3; *see* 28 U.S.C. § 2674. After submitting its answer to the complaint, the Government filed the instant motion, requesting that the Court dismiss the claims against Ponce due to lack of subject matter jurisdiction. Dkt. No. 10, at 2. The Government asserts that because Ponce was acting within the course and scope of his employment with the United States Postal Service at the time the events giving rise to the cause of action occurred, Ponce is barred from suit in the instant action, pursuant to 28 U.S.C. § 2679(b). Dkt. No. 10, at 2. In support of its assertion, the Government submits evidence establishing that Ponce was engaged in the course and scope of his employment as a Rural Letter Carrier for the postal service at the time the incident at issue occurred. Dkt. No. 10, Ex. A. In response, Plaintiff agrees that the exclusive remedy in this matter is against the Government, and no proper claims exist in the instant matter against Joe Lewis Ponce. Dkt. No. 11, at 1–2. Thus, Plaintiff also asks the Court to dismiss the claims asserted against Ponce. *Id.* at 2.

Title 28, Section 2674 of the Federal Tort Claims Act states that the United States shall be liable in tort claims in the same manner and to the extent as a private individual under like circumstances.  Jurisdiction of such actions is conferred upon the United States district courts, and the actions are to be considered "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S. C. § 1346(b)(1).  However, pursuant to 28 U.S.C. § 2679(b)(1), the remedy against the United States under § 1346(b) for personal injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee" whose act or omission is the basis for the claim asserted.  Additionally, "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded." *Id.*

Based on the foregoing provisions of the Federal Tort Claims Act and the evidence produced by the Government demonstrating that Joe Lewis Ponce was acting within the course and scope of his employment with the United States Postal Service at the time the events giving rise to the cause of action occurred, the Court concludes that Plaintiff's exclusive remedy, if any, in the instant civil action is against the United States of America, and not against Joe Lewis Ponce, an employee of the United States.  *See* Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981) (stating that a plaintiff who was injured after a collision with a United States Postal Service truck had no cause of action against the postal employee and the plaintiff's exclusive remedy was against the United States); *see also* Wollman v. Gross, 637 F.2d 544, 547 (8th Cir. 1980).  Accordingly, the Court **GRANTS** Joe Ponce's Rule 12(b)(1) Motion to Dismiss.  Dkt. No. 10.

DONE at Brownsville, Texas, this ___17th day of April, 2007.


Hilda G. Tagle
United States District Judge

-2-