IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 1 8 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| YOLANDA MARTINEZ, as next friend of HECTOR AZUA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-186 |
| UNITED STATES POSTAL SERVICE, | § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on May 18, 2007, the Court **GRANTED** Plaintiff's Mqtion [sic] for Leave to File Plaintiff's Second Amended Complaint. Dkt. No. 14.

### I. Background

Yolanda Martinez ("Plaintiff"), as next friend of Hector Azua ("Azua"), filed the instant action against the United States Postal Service pursuant to Section 2674 of the Federal Tort Claims Act, asserting that Joe Lewis Ponce ("Ponce") caused Azua to suffer injuries when Ponce negligently operated his mail delivery vehicle while he was acting within the course and scope of his employment. Dkt. No. 8, at 2–3; *see* 28 U.S.C. § 2674. Plaintiff originally filed suit against the United States Postal Service and Ponce, but Ponce was dismissed from the action, pursuant to 28 U.S.C. § 2679(b)(1). Dkt. No. 12. In the motion *sub judice*, Plaintiff requests leave of Court to file its second amended complaint to add the United States of America as a defendant. Dkt. No. 14, at 1. Plaintiff states that "[t]he omission of the [Government] from the pleadings was an oversight." *Id.* The United States Postal Service's counsel, an Assistant United States Attorney, is unopposed to Plaintiff's request for leave to amend the complaint. *Id.* 1–2.

## II.     Standard for Granting Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party." Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, 79 F.3d 480, 484 (5th Cir. 1996). A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))). In the absence of any of these factors, the requested leave should be freely granted. *Foman*, 371 U.S. at 182.

Furthermore, new parties may be added to an action via an amendment under Rule 15(a). Vera v. Bush, 980 F.Supp. 254, 255 (S.D. Tex. 1997); see 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1474 (2d ed. Supp. 2007). The standard that is applied to an amendment that seeks to add new parties is the same under either Rule 15(a) or Rule 21. See FED. R. CIV. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); *Vera*, 980 F.Supp. at 255; WRIGHT, MILLER & KANE, *supra*, § 1474; see also Insituform Technologies, Inc. v. CAT Contracting, Inc., 385 F.3d 1360, 1372 (C.A. Fed. 2004).

## III.    Analysis

In the present case, Plaintiff seeks to add the United States of America as a defendant in this case. Although Plaintiff did not list the Government as a specific defendant in her original or first amended complaints, she did refer to the United States as a defendant in the substance of her motions. Dkt. Nos. 1, 8. Plaintiff also discussed her claim on the basis of the Government's possible liability under the Federal Tort Claims Act.

Dkt. No. 1, at 1–3; Dkt. No. 8, at 4. Additionally, Plaintiff included discussions regarding her remedy "against the United States of America" while conceding that dismissal of Ponce as a party to the action was proper. Dkt. No. 11, at 1.

The Court finds that the factors set forth in *Foman* warranting a denial of leave to amend are not present in this matter. There is no evidence that Plaintiff has engaged in undue delay or bad faith in requesting leave to amend her complaint. Instead, an examination of Plaintiff's previous pleadings demonstrates that although Plaintiff failed to specifically name the United States of America as a defendant in this case, she intended to include the Government as a party to the instant action, and the omission was merely an oversight. *See* Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006) (stating that subsection (a) of Rule 15, combined with subsection (c), "ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim"). Additionally, Plaintiff may allege a cause of action against the Government under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2674. Thus, Plaintiff's proposed amendment is not futile or frivolous. Furthermore, the Government will not suffer undue prejudice as a result of Plaintiff's amendment because the instant action is in its early stages, and an Assistant United States Attorney has already been working on the case. Therefore, the Court concludes that Plaintiff should be granted leave to amend her complaint as requested.

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Mqtion [sic] for Leave to File Plaintiff's Second Amended Complaint. Dkt. No. 14.

DONE at Brownsville, Texas, this _18_th day of May, 2007.

Hilda G. Tagle
United States District Judge