IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUN 13 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| YOLANDA C. GONZALES, Individually and as the Administrator of the Estate of Karen Marguerite Gonzales, Charles Gonzales, and Michelle Marguerite Vorheier Moore § § § § § § | § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-169 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant, | § § | |
| | § § | Consolidated with |
| YOLANDA MARTINEZ, as next friend of Hector Azua, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-186 |
| UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA, | § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on June 12, 2007, the Court **STRUCK** Plaintiff Yolanda Martinez's Motion for Leave to File Plaintiff's Third Amended Complaint, Civ. Action No. B-06-186, Dkt. No. 19, and **DENIED** Plaintiff Yolanda Martinez's Unopposed Amended Motion for Leave to File Plaintiff's Third Amended Complaint, Civ. Action No. B-06-186, Dkt. No. 20.

The Court is in receipt of Yolanda Martinez's Motion for Leave to File Plaintiff's Third Amended Complaint. Civ. Action No. B-06-186, Dkt. No. 19. However, the pleading does not contain a dated certificate of service or a certificate of conference, in violation of Local

Rules 5.3 and 7.1.D.  LOCAL R. LR 5.3, LR7.1.D.  Therefore, the Court **STRIKES** Yolanda Martinez's Motion for Leave to File Plaintiff's Third Amended Complaint.  Civ. Action No. B-06-186, Dkt. No. 19.  Accordingly, the Court will consider Yolanda Martinez's Unopposed Amended Motion for Leave to File Plaintiff's Third Amended Complaint.  Civ. Action No. B-06-186, Dkt. No. 20.

## I.   Background

Yolanda Martinez ("Plaintiff"), as next friend of Hector Azua ("Azua"), filed the instant action against the United States of America and the United States Postal Service pursuant to Section 2674 of the Federal Tort Claims Act, asserting that Joe Lewis Ponce ("Ponce") caused Azua to suffer injuries when Ponce negligently operated his mail delivery vehicle while he was acting within the course and scope of his employment.  Civ. Action No. B-06-186, Dkt. No. 18, at 1–2; see 28 U.S.C. § 2674.  Plaintiff originally filed suit against the United States Postal Service and Ponce, but Ponce was dismissed from the action, pursuant to 28 U.S.C. § 2679(b)(1), and the United States was subsequently added as a defendant.  Civ. Action No. B-06-186, Dkt. Nos. 12, 17.  In the instant motion, Plaintiff requests leave of Court to file her third amended complaint to include Hector Azua in his individual capacity because he has reached the age of majority.  Civ. Action No. B-06-186, Dkt. No. 20, at 1.  Defendants are unopposed to Plaintiff's request.  Id. at 2.

## II.   Standard for Granting Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires."  Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party."  Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, 79 F.3d 480, 484 (5th Cir. 1996).  A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the

amendment], and (5) futility of the amendment." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))). In the absence of any of these factors, the requested leave should be freely granted. *Foman*, 371 U.S. at 182.

## III.  Analysis

In the instant motion, Plaintiff requests that she be granted leave to amend her complaint "to include Hector Azua in his individual capacity as a Plaintiff because he has reached the age of 18 years old, D.O.B. 02/07/89." Civ. Action No. B-06-186, Dkt. No. 20, at 1. Plaintiff also filed her proposed Third Amended Complaint as an exhibit to her motion. *Id.*, Ex. 1.

Under Texas law, the age of majority is 18 years. TEX. CIV. PRAC. & REM. CODE § 129.001. Plaintiff's motion contains only an averment that Azua has reached the age of majority; she does not provide any evidence supporting her assertion. *See* Civ. Action No. B-06-186, Dkt. No. 20, at 1. Additionally, although Plaintiff's proposed amended complaint adds "Plaintiff, Hector Azua, Individually who is a citizen of the State of Texas" to the complaint, the statement "Plaintiff, Yolanda Martinez As Next [F]riend of Hector Azua who is a citizen of the State of Texas" remains in the proposed complaint. *Id.*, Ex. 1 at 1. However, a "next friend" enables a minor to bring suit, and a next friend's authority to act in a representative capacity expires when the minor attains capacity by reaching the age of majority. D.B. v. Mass, No. Civ.A. SA-05-CA0239XR, 2005 WL 2896460, at *1 (W.D. Tex. Nov. 1, 2005); Spell v. William Cameron & Co., 131 S.W. 637, 638 (Tex. Civ. App. 1910). Thus, based on the submitted complaint, the Court finds that Yolanda Martinez would not have proper authority to act as next friend of Hector Azua if he has reached the age of majority and has no other impairment that would prevent him from acting as a party to this action in his individual capacity.

Furthermore, the proposed complaint contains language pertaining to Joe Lewis Ponce's liability in this case. Specifically, the proposed complaint states the following:

<u>Count 2 - Defendant, Joe Lewis Ponce's Liability [B]ased on Recklessness</u>

> At the time of the accident, Defendant, Joe Lewis Ponce was operating his vehicle recklessly. Defendant had a duty to drive his vehicle with regard to the safety of other people and property. Defendant breached that duty by driving his vehicle in a willful or wanton disregard for the safety of persons or property, including Plaintiff.

Civ. Action No. B-06-186, Dkt. No. 20, Ex. 1 at 3. However, the Court dismissed Ponce from this action because Plaintiff may not recover against Ponce in the instant action. Civ. Action No. B-06-186, Dkt. No. 12, at 2 (holding that "Plaintiff's exclusive remedy, if any, in the instant civil action is against the United States of America, and not against Joe Lewis Ponce"). Therefore, the Court finds that Plaintiff's proposed third amended complaint is futile because Ponce has been dismissed from the instant action and Plaintiff may not recover against him.

Based on the foregoing and upon consideration of the factors set forth in *Foman*, the Court determines that the statements in the proposed complaint pertaining to Joe Lewis Ponce's liability in the instant action and continuing to identify Yolanda Martinez as next friend of Hector Azua while simultaneously asserting Azua's individual capacity in this matter are improper and futile amendments. Thus, the Court concludes that Plaintiff should not be granted leave to amend her complaint as proposed.

## IV.  Conclusion

The Court **STRIKES** Plaintiff Yolanda Martinez's Motion for Leave to File Plaintiff's Third Amended Complaint. Civ. Action No. B-06-186, Dkt. No. 19. Furthermore, the Court **DENIES** Plaintiff Yolanda Martinez's Unopposed Amended Motion for Leave to File Plaintiff's Third Amended Complaint, Civ. Action No. B-06-186, Dkt. No. 20.

DONE at Brownsville, Texas, this 13th day of June, 2007.

Hilda G. Tagle
United States District Judge